JOSEPH O. GRIMSHAW, Respondent, v. RUTLAND RAILROAD COMPANY, Appellant.

Third Department, May 2, 1923.

**Railroads — action for injuries suffered in collision at crossing — injured party guilty of contributory negligence when he approached crossing at such speed that he could not stop after discovering danger — Railroad Law, § 53-a, applied — verdict for plaintiff against evidence.**

In an action to recover damages suffered by the plaintiff in a collision between his automobile and a train of the defendant at one of its grade crossings, which happened in July, 1922, it must be held, as a matter of law, under section 53-a of the Railroad Law, that the plaintiff was guilty of contributory negligence, and that a verdict in his favor is against the weight of the evidence, where it appears that the crossing at which the accident happened was a dangerous one by reason of the obstructions to the view of travelers on the highway; that when the plaintiff passed the "disc sign" which was placed near the highway in accordance with the provisions of section 53-a of the Railroad Law, his automobile was going at the rate of thirty miles an hour; that as he approached the crossing the speed of the automobile had been reduced to about fifteen miles an hour; and that he was unable to stop his machine before the collision.

Any one deliberately approaching a railroad crossing, as dangerous as the one at which the accident herein happened, at a rate of speed that is fifteen miles an hour when he gets to the crossing, is guilty of contributory negligence and cannot recover.

APPEAL by the defendant, Rutland Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 19th day of October, 1922, upon the verdict of a jury for $1,902, and also from an order entered in said clerk's office on the 27th day of October, 1922, denying defendant's motion for a new trial made upon the minutes.

*John M. Cantwell* [*E. W. Lawrence* of counsel], for the appellant.

*Wallace E. Pierce,* for the respondent.

KILEY, J.:

In this case the plaintiff could not go over a crossing at the same time defendant's train was passing, consequently there was a collision. The plaintiff was in the taxi business. He lived about four and one-half miles from this crossing. On the 14th day of July, 1922, he was returning from Mooers, or Mooers Junction, to his home at Champlain; he had taken a passenger to Mooers with a five-passenger Buick automobile and was returning alone. He was going in a northeasterly direction toward the crossing, at grade, of defendant's railroad. The tracks of defendant's railroad cross the highway diagonally at the point in question. Defendant's negligence depended solely upon whether any or sufficient warning was given of the train's approach. The train was traveling at the rate of from thirty to thirty-five miles an hour. The question was sharply litigated as to whether the finding that defendant was negligent in that regard was against the weight of evidence; it is not necessary to pass upon that question here, as the judgment and order must be reversed upon the ground that plaintiff was guilty of negligence that contributed to the collision. Not less than three hundred feet back from this crossing, and on the side of the highway along which plaintiff was traveling, was the " disc sign " placed there in accordance with the provisions of section 53-a of the Railroad Law (as added by Laws of 1919, chap. 438). In the same section it is provided: " It shall be the duty of the driver of any vehicle using such street or highway and crossing to reduce speed to a safe limit upon passing such sign and to proceed cautiously and carefully with the vehicle under complete control." That plaintiff was familiar with the crossing and the surrounding country, and with the provisions of section 53-a aforesaid, appears, beyond cavil, from the evidence. He swears that on approaching the disc sign he was going thirty miles an hour and that he commenced there to slow down and had reduced his speed to fifteen miles an hour when he reached the crossing. In one place he said he was almost upon the crossing before he saw or was aware of the oncoming train. At another place he says he was within thirty feet of the crossing when he saw the train. The latter is the most probable, because he swears he put on both brakes and turned his auto to the side, the same way the train was going. Both parties urge the danger lurking at this crossing — large trees on both sides of the highway, and trees on both sides of the railroad right of way; the roadbed elevated six or eight feet above the level

of the surrounding country; a dwelling house within one hundred feet of the crossing that obstructed the plaintiff's view at that point. We had occasion to examine section 53-a in *Horton* v. *New York Central Railroad Co.* (202 App. Div. 428). In that case we reversed a judgment in favor of the plaintiffs because the trial judge failed to charge the jury with the force and effect of section 53-a, *supra.* In this case no fault can be found with the trial court in that regard. He charged fully, but the jury neglected to harken. That there may be no misunderstanding as to what is meant in this case, it is held that any one deliberately approaching a railroad crossing, as dangerous as both parties claim this crossing to be, at a rate of speed that is fifteen miles an hour when he gets to that crossing, is guilty of contributory negligence and cannot recover. The judge at the trial properly defined safe limit when he said: " I will define to you what is a safe limit of speed in approaching a crossing as that speed at which the driver of an automobile, as he arrives at a point where he can see an oncoming train, when it is near enough to render crossing ahead of it dangerous, can stop his car, if necessary, before he reaches the track." When the jury found that plaintiff came within the provisions of the charge, its finding was against the weight of evidence. Had the plaintiff been going at the rate of speed, when he was within thirty feet of the rail, contemplated in section 53-a of the Railroad Law, he could have stopped his car before the collision.

The judgment and order should be reversed and the complaint dismissed.

H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Judgment and order reversed on the law and complaint dismissed, with costs.